## MARY A. PETERS *vs.* HARVEY W. FOWLER.

Since the act of 1848, in relation to the rights of married women, when the wife is in possession of property under claim of ownership, her rights as owner cannot be overlooked without evidence, any more readily than if she were unmarried.

The statute has worked this change; and instead of an adverse presumption that the property connected with a business which she carried on before her marriage, and which she claimed to own as a single woman, with the property in her possession, belonged to the husband, the presumption is now in her favor, and must be overcome by the party who disputes her right or title.

The fact of coverture has ceased to have any relation to the technical right of a married woman to maintain an action in respect to her separate property; and the allegation of coverture, in the complaint, is no longer necessary.

APPEAL from a judgment entered upon the verdict of a jury. This action was commenced September 4, 1861, to recover for merchandise, work, labor and services, sold, delivered, furnished and rendered by the plaintiff, as a milliner, to and for the defendant, between April 24, 1856, and May 4, 1857. The plaintiff was married to her present husband May 23, 1855. Her husband was a house builder. He was never interested in, or assisted her in the business. She carried on the business before her marriage, and afterwards, in her own name and on her own account. The defendant sought to set off a claim for $60, for rent and medical services furnished to the husband of the plaintiff before her marriage, on the allegations, first, that the millinery business and property belonged in fact to the husband, and second, that the goods and labor were furnished and performed under a distinct agreement that they were to be applied to the debt of the husband. The plaintiff denied this, and the evidence on her part showed that she never heard that it was claimed that her husband was indebted to the defendant till long after the debt to the plaintiff was incurred. The defendant admitted the debt in suit in 1861, and offered to pay by rent of a house. The jury found a verdict in favor of the plaintiff for the amount claimed, with interest.

*J. H. White*, for the appellant.

*Geo. W. Parsons*, for the respondent.

*By the Court*, LEONARD, J. This action concerns the separate property of the wife. The code, § 114, authorizes a married woman in such case to sue alone, without the intervention of a guardian or next friend. The fact of coverture has ceased to have any relation to the technical right of maintaining an action by a married woman, in respect to her separate property; and the allegation of coverture in the complaint is no longer necessary.

Peters *v.* Fowler.

The act of 1848, in relation to the rights of married women, directs that " the real and personal estate of any female, who may hereafter marry, which she shall own at the time of marriage, and the rents, issues and profits thereof, shall not be subject to the disposal of her husband, nor be liable for his debts, and shall continue her sole and separate property, as if she were a single woman." This plaintiff carried on the millinery business and had a stock of goods at the time of her marriage, in 1855.

It cannot be said that it was disputed at the trial that the goods which were sold to the defendant were the issues or profits of that stock, inasmuch as no request was made that any question in this respect should be submitted to the jury, and no exception was taken to the charge of the judge.

There were two requests to the judge in respect to his charge, which were declined and an exception taken. 1st. That the plaintiff's services belonged to her husband, and that he had the right to bind her by the contract which he made with the defendant. 2d. That the legal title to the goods and business of the wife, although the goods were purchased by her, became by the coverture vested in the husband.

There were no services proven at the trial, and there is no recovery for such a demand, unless it be supposed that there was labor bestowed upon the millinery sold to the defendant. In that case it became inseparably connected with the article sold, and was a component part of it.

There was no evidence to support a presumption that the goods had been purchased by the husband, nor even upon any credit of the plaintiff or her husband. How the plaintiff acquired the goods, whether by cash purchases, with the proceeds of the stock belonging to her at the time of her marriage, or how otherwise, is not in evidence. It would be a violent presumption to say that the goods which were confessedly in her possession, and over which she exercised and claimed ownership, were not her separate estate, when it had been proven that she had a stock of goods and carried on the

Peters *v.* Fowler.

same business before and at the time of her marriage. 1 think there is no question of labor or services in the case.

The right to make a contract to dispose of the goods of his wife, involved the question of the husband's legal title, so that it may be said that the two requests to charge are contained in that single inquiry. The affirmative would deny that the property sold to the defendant was the issues or profits of real or personal property which the plaintiff had at the time of her marriage. The judge must have assumed the fact of title in the husband without evidence, had he charged as requested. Before the act of 1848, he might have so charged in compliance with the law as it then existed. Now, when the wife is in possession under claim of ownership, her rights as owner cannot be overlooked without evidence, any more readily than if she were " a single female." The statute has worked this change ; and instead of an adverse presumption that the property connected with a business which she carried on before her marriage, and continued to carry on after her marriage, and which she claimed to own as a " single woman," with the property in her possession, belongs to the husband, the presumption is in her favor, and must be overcome by the party who disputes her right or title. The judge properly refused to charge as requested.

Some exceptions were taken during the trial, but the rulings were unexceptionable where the evidence was material. 1st. Evidence of entries made by the defendant in his account books, of the price of the goods in question, to the credit of the plaintiff's husband, at the time of the purchase. These entries were no part of the *res gestæ,* and were not admissible. 2d. The other questions relate to immaterial subjects, and are leading in form. The answers however could not have affected the result.

The judgment should be affirmed, with costs.

[New York General Term, May 2, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]