[No. 4304.]

# M. E. KRAEMER *v.* DANIEL KRAEMER.

SEPARATE PROPERTY. — Separate property of husband or wife is that which is held, both in its use and in its title, for the exclusive benefit of the spouse holding the same.

IDEM.— Real property purchased in this State during coverture with money which was the separate property of the husband or wife, is also his or her separate property.

IDEM.—Where there is no express contract, the law of the *matrimonial domicile* will govern as to *personal property* everywhere.

EFFECT OF CHANGE OF DOMICILE ON SEPARATE PROPERTY.— If husband and wife, by their joint labor, acquire personal property in one State, and by the laws of such State the same is the separate property of the husband, and they then remove to another State, carrying such property with them, it remains the separate property of the husband, even if the statutes of the State to which they have removed make it common property; and if it is afterwards converted into land, the land is the separate property of the husband.

SEPARATE AND COMMUNITY PROPERTY. — If husband and wife acquire personal property in one State, and then remove to another State with the same, the law of the State where they lived when the property was acquired governs as to whether it is separate or community.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Action to obtain a divorce, and for a division of the property. The plaintiff and defendant married in the State of Illinois, in 1843. In 1865, the plaintiff and defendant had acquired, in Illinois, by their labor, several thousand dollars in money, and the defendant came to California and purchased with the same about three thousand acres of land in Los Angeles County. In 1867, the spouses removed to California with their children. By the statutes of Illinois, when the parties lived there and removed from there, personal property acquired by husband and wife by their joint efforts was the separate property of the husband. By the statutes of California, such personal property became community property. The wife, in her complaint, claimed that said land was community property, and asked that one-half of it be awarded to her. The statutes of California require the community property to be equally divided in case of a dissolution of the marriage by a decree of Court. The Court, in this case, dissolved the marriage by reason of the husband's cruelty, but held that the real estate was the separate property

of the husband, and awarded it to him.  The wife appealed from that part of the decree which gave all the realty to the husband.

*Stanford & Ramirez*, for the Appellant.

The money used in the purchase of the land was not the separate property of the husband.  (*Smith* v. *Smith*, 12 Cal. 224; Story's Conflict of Laws, secs. 186, 454.)   In an action for a divorce and division of property the law *rei sitæ* determines the character of the real estate, as between the parties.  Each State impresses on property within its limits the character which it may deem expedient.  (Story's Conflict of Laws, sec. 447.) The law of community is a real law.  Hence a change of domicile can never affect the interests of the husband and wife in their real property, because those interests in their present property, as well as in their future acquisitions, are determined by the *lex loci rei sitæ*.  (Story's Conflict of Laws, secs. 186, 187, 454; Ibid. sec. 159 to 191; Bouvier's Law Dic. *Lex Rei Sitæ*, and authorities there cited; Broom's Legal Maxims, 4th London ed. p. 385.)

*Glassell, Chapman & Smiths*, for the Respondent.

Our "Act defining the rights of husband and wife," passed April 17th, 1850, is expressly limited in its operation by the 14th and 15th sections thereof, which are as follows:

"Sec. 14.  In every marriage hereafter contracted in this State, the rights of husband and wife shall be governed by this act, unless there is a marriage contract containing stipulations contrary thereto.

"Sec. 15.  The rights of husband and wife married in this State prior to the passage of this act, or married out of this State, who shall reside and acquire property herein, shall also be determined by the provisions of this act *with respect to such property as shall be hereafter acquired,* unless so far as such provisions may be in conflict with the stipulations of any marriage contract."  (Hitt. Dig. arts. 3563, 3576, 3577.)

As to the acquisitions of the spouses in Illinois during the

seven years of their marriage *prior* to 1850, it is obvious that under no possible construction could our said act have any operation.

As to all acquisition of the spouses. in Illinois after 1850, and until 1867, when they came to " reside and acquire property herein," it is also obvious that our act had no operation. .

It is, however, unnecessary to draw any distinction as to whether any of the money with which the property in question was bought, was acquired before or after our law was passed. For it is clear upon authority, as well as principle, that in no event could our law extend to the State of Illinois, so as to alter the property rights of the citizens of that State domiciled there, in regard to property which they had acquired in that State.

No question is or can be made that by the law of Illinois, (the common law) where the parties were married and domiciled until they removed to this State, the money with which the land in question was purchased by the husband was his sole property when he brought it into this State.

But, say appellant's counsel, when he brought that money here and invested it in real estate, the wife immediately became invested with one-half of the purchased property.

Our search has discovered no authority to support such an unreasonable proposition. Far from it, the authorities are uniformly to the contrary.

Mr. Wharton, in his recent and able work on Conflict of Laws, reviews the authorities, European and American, on this subject, and finds no conflict among them as to our point. In sec. 198 he quotes with approval from Mr. Burge, as expressing the doctrine on which all jurists agree.

See, also, sec. 196, and authorities there cited, and *Oliver* v. *Robertson*, 41 Texas, 422,

By the Court, McKINSTRY, J. :

If the real estate, the subject of the controversy, was the separate property of the defendant, Daniel Kraemer, the decree of the Court below must be affirmed. The term " separate property " means an estate held, both in its use and in its title, for

the exclusive benefit either of the husband or wife. (*George v. Ransom*, 15 Cal. 322.) And real property purchased during coverture with funds which constituted a part of the separate estate of the husband or wife is also his or her separate property. (*Ramsdell* v. *Fuller*, 28 Cal. 37.) If, therefore, the money with which the land—the subject of controversy in the present action—was purchased was the separate property of the defendant, the decree of the District Court must be affirmed.

This case is not subject to the embarrassment arising from the conflicting views expressed by different writers in respect to the effect of a change of domicile after marriage on the proprietary rights of the spouses, and is almost free from those complicated questions upon the conflict of the laws of different States or nations, which—as remarked by Mr. Justice Porter, in *Saul* v. *His Creditors*, 17 Martin, 571–2—are the most difficult of decision of any that can occupy the Courts of Justice.

It was found by the Court below that the money brought by the defendant from the State of Illinois (and with which the lands were purchased in California) was, according to the law of the State first named, the separate property of the husband, Daniel Kraemer.

" Where there is no express contract, the law of the matrimonial domicile will govern as to all the rights of the parties in that place, and as to all personal property everywhere, upon the principle that movables have no *situs*, or rather that they accompany the person everywhere." (Story's Conflict of Laws, 183.)

" This proposition," says Mr. Justice Story, " has in America much authority for its support, and none in opposition to it."

The same view seems to be taken by Doctor Wharton (Conflict of Laws, secs. 197–8). The idea is illustrated by Mr. Burge (Col. and For. Law). He says: " The matrimonial domicile of the parties may be supposed to be in a country where, as in England, the marriage is an absolute gift to the husband of the wife's whole personal estate ; the subsequent domicile may be in a country where, as in British Guiana, the wife, by virtue of the *communio bonorum*, retains an interest in her own and acquires an interest in her husband's personal property ; or the matrimonial domicile may have been in British Guiana, and

the subsequently acquired domicile in England. In the one case, the whole personal estate of the wife has become vested in the husband; the wife brings no personal property of her own into British Guiana, on which the law of the community can attach. In the other case, the wife arrives in England, not only retaining an interest in her own, but having acquired an interest in the property of her husband. The law of the matrimonial domicile has, in this case, already made a disposition of the property of the husband and the wife at the time when the parties were subject to that law. In neither case could the law of the new domicile be admitted without divesting rights which had already been legally acquired."

There have been, indeed, differences of opinion among learned authors and judges as to the application of the doctrine to personal property acquired after the change of domicile, but no such question arises in the present case, since the money with which the land was purchased was none of it acquired after the removal to this State.

Whether the rule we have considered arises out of a tacit agreement dating from the time of the marriage, as claimed by some writers, or is based on another principle, as asserted by others, there can be no doubt of its application to the facts of the present case, and that the money wherewith the land was purchased was, and the land itself is, the separate property of the defendant.

Judgment affirmed.