[No. 9963. Department One. — September 24, 1885.]

MAHALA SHUMWAY, RESPONDENT, *v.* JERRY LEA-
KEY, APPELLANT.

MARRIED WOMAN — SEPARATE PROPERTY — REPLEVIN — PLEADING. — In an action by a
    married woman to recover personal property, she need not in her complaint
    allege the coverture, but when that fact appears on the trial, may show that the
    property demanded is her separate property.
ID. — EVIDENCE — SCHEDULE. — In such an action, a schedule of the wife's separate
    property filed and recorded under sections 165 and 166 of the Civil Code is
    admissible in evidence to prove her title.
ID. — ASSESSMENT ROLL. — The assessment roll of the county showing that no
    separate property has been assessed to the wife, and that part of the property
    described in the complaint was assessed to the husband as his own, is inadmissi-
    ble to prove property out of the wife and in her husband, unless it is shown that
    she gave in the property as that of her husband or had some knowledge that it
    was so assessed.
ID. — LAWS OF ANOTHER STATE. — The tenure by which personal property acquired
    in another State and brought into this is held, as between husband and wife,
    will depend upon the laws of the State where it was acquired; but these laws
    are to be proved like any other fact, and in the absence of all evidence will be
    presumed to be the same as the laws of this State.

APPEAL from a judgment of the Superior Court of Lassen
County.

The facts are stated in the opinion.

*E. V. Spencer,* for Appellant.

*A. L. Shinn,* and *J. D. Goodwin,* for Respondent.

SEARLS, C. — The plaintiff, a married woman, brought this
action to recover as her separate property, certain personal prop-
erty from the defendant, who as sheriff of the county of Lassen
had levied upon and taken the same under a writ of attachment
against plaintiff's husband, and as the property of the latter.
Plaintiff had verdict and judgment. Defendant appeals.

It was not necessary for plaintiff to aver coverture in her com-
plaint, and when that fact appeared at the trial, it was competent
for her to show that the demanded property came to her as a
gift, and was her separate property.

Had her complaint shown her to be a married woman, it
would have been incumbent upon her to state such other facts
as were necessary to entitle her as such to maintain the action.
(*Thomas* v. *Desmond,* 63 Cal. 426.)

In *Peters* v. *Fowler*, 41 Barb. 467, it was held that in that State (New York), "the fact of coverture has ceased to have any relation to the technical right of maintaining an action by a married woman in respect to her separate property, and the allegation of coverture in the complaint is no longer necessary."

The schedule of plaintiff's separate property recorded in the office of the county recorder, November 13, 1877, was properly admitted in evidence.

The Civil Code, sections 165 and 166, provides for filing and recording the separate personal property of the wife, and "the filing of the inventory in the recorder's office is notice and *prima facie* evidence of the title of the wife."

The cattle described in the schedule are of the same general kind as a portion of that seized by the sheriff, and whether in fact the identical property so seized, was a question to be determined by evidence *aliunde.*

Defendant offered in evidence the assessment roll of Lassen County for the years 1882–83, for the purpose of showing that no separate property had been assessed to plaintiff, and also to show that part of the property described in the complaint was assessed to B. F. Shumway, the husband of plaintiff, as his own property and not as the property of his wife, the plaintiff.

Plaintiff objected on the ground that such evidence was immaterial and incompetent.

The objection was sustained and the ruling is assigned as error.

In *Arnold* v. *Skaggs*, 35 Cal. 684, an assessment roll was held competent as evidence. The question was whether defendant Skaggs or one Ingles owned certain personal property, and the evidence showed that Ingles gave it in to the assessor as the property of Skaggs; that the latter appeared before the board of equalization for the purpose of procuring a reduction of the amount of the assessment. Under these circumstances the assessment roll was held competent to prove property in Skaggs.

The present case differs materially from that. Here there was no proof, or offer to prove, that plaintiff gave in the property as that of her husband, or that she had knowledge that any part of it was so assessed. Under such circumstances the assessment roll was not competent evidence to prove property out of her and in her husband. (*Chamberlin* v. *Vance*, 51 Cal. 75.)

The refusal of the court to give the third and fourth instructions asked by defendant is assigned as error.

These instructions were to the effect:—

1. That the laws of another State can only be shown to the jury by offering them in evidence as other facts are proven.

2. That if the property claimed by plaintiff was by her received as a gift in another State then it was her separate property, or community property, as provided by the laws of the State where the gift was made. And if brought to this State, it would be held here by the same title which she had to it in such other State, and before plaintiff can hold the same here as her separate property she must show it was her separate prop-erty when brought here.

The evidence tended to show that certain cows were presented as a gift to plaintiff in 1863 in the Territory of Nevada; that in 1866 she sold a portion of the increase of such cows and brought the residue to this State, and that the demanded property has been mainly purchased with the proceeds of sales of such cows and their increase, which increase has amounted to a band or herd of many hundred cattle.

The record shows affirmatively that no evidence was introduced tending to show what the laws of Nevada were in 1863, concerning the separate property of married women.

It is true that the laws of a foreign state are to be proven like any other fact. It is equally true that the tenure by which personal property acquired in another State and brought here is held, as between husband and wife, will depend upon the laws of the State where acquired. (*Kreamer* v. *Kreamer*, 52 Cal. 302.)

It is nevertheless true, that in the absence of any proof as to the laws of another State, they will be presumed to be the same as our own. (*Marsters* v. *Lash*, 61 Cal. 622; *Norris* v. *Harris*, 15 Cal. 226.)

It follows that, as under our law, property acquired by the wife during coverture, by gift, is her separate property, and that we must presume the laws of Nevada to be the same as our own, and there being no testimony to give point to the instructions asked, they were inapplicable, admitting them to be correct as abstract propositions of law.

We are of opinion the judgment of the court below should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment is affirmed.