AMERICAN OAK LEATHER COMPANY, RESPONDENT,. *v.* UNION BANK AND ANOTHER, APPELLANTS.

PLEADING.—FINDINGS.—FACTS ADMITTED BY PLEADINGS.—Where an action is brought upon an account stated, and defendant makes default, but third parties intervene with claims against defendants, the court may find the indebtedness of defendant to plaintiff. Such finding is unnecessary, but is warranted by the admissions of the pleadings.

CHATTEL MORTGAGE.—VALIDITY.—LAW GOVERNING VALIDITY. — Where an instrument in the nature of a chattel mortgage is ·executed in Michigan by parties there resident, which assigns among other things a certain account due in Utah Territory, from a firm there resident, the law governing such assignment is the law of Michigan as to chattel mortgages.

CONSTITUTIONAL LAW.—CONFLICT OF LAWS.—PRESUMPTION.—Where no proof is made in regard to the law governing a contract in the nature of a chattel mortgage sued upon in a different forum from that where it is executed it will be presumed that the law of · the place where executed is the same as where suit is brought, overruling *Rudy* v. *Railway Co.*, 8 Utah, 165.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial, Hon. James A. Miner, judge. The opinion states the facts.

*Mr. Clesson S. Kinney*, for the appellant.

As to the accounts the instrument referred to in the findings was an absolute transfer, because the accounts were choses in action, but as to the remaining personal property it was a chattel ·mortgage. The effect of the instrument is to be determined by the laws of Michigan. *Culver* v. *Benedict*, 79 Mass. 7; *Railway Co.* v. *Glenn*, 28 Md. 287; *Guillander* v. *Howell*, 35 N. Y. 657; *Moore* v. *Willet*, 35 Barb. 663; *Bacon* v. *Horn*, (Penn.) 2 L. R. Ann. 355. Story's Conflict of Laws, Secs. 379, 383, 384.

This assignment was valid in Michigan as the decision in *Bank* v. *Smith*, 84 Mich. 364, 47 N. W. Rep. 502. Notice to the debtor was not necessary, before service of the writ of garnishment. Any notice *pendente lite* will be sufficient, if in time to be set up in discharge of the garnishment. Wade on Attachment, Sec. 437. Drake on Attachment, Secs. 527, 608; 8 Am. and Eng. Encyc. Law, 1180; *Foster* v. *Sinkler*, 4 Mass. 450; *Dix* v. *Cobb*, 4 Mass. 508; *Blake* v. *Williams*, 6 Pick. 286; *Holmes* v. *Benson*, 4 Johns. Ch. 460; *Page* v. *Crossly*, 24 Pick. 211; *McGuire*

v. *Pitts,* 42 Iowa, 535.   No recording was necessary. *Bacon* v. *Horn,* 123 Pa. St. 452.

*Messrs. Jones and Schroeder,* for the respondent.

The instrument is a chattel mortgage and hence invalid in Utah Territory, because not executed in accordance with the laws of Utah Territory, because right to the property is not made absolute by non-performance, because a *chose in action* is not the subject of a chattel mortgage.

An assignment of property to secure a pre-existing debt. does not give the assignee the equities of a purchaser for value.   *Lockwood* v. *Bates,* 1 Del. Ch. 435, 12 Am. Dec. 121; *Harris* v. *Horner,* 1 D. and B. Eq. 455, 30 Am. Dec. 182.   Nor does rule apply in favor of a non-resident concerning property in Utah, not actually reduced to possession.   *Anthony* v. *Wood,* 29 Hun, 239; *Furnell* v. *Bush,* 2 Hun, 202; *Bank* v. *Fleming,* 8 Bull, 309.

Instrument is void because grantor remains in possession with authority to replenish his stock.   *Robinson* v. *Elliot,* 89 U. S. 513.   This decision is the law of Utah, and it is by the laws of this Territory that we must be governed, because a debt is located where the debtor resides.   *Owen* v. *Miller,* 10 Ohio St. 136, 75 Am. Dec. 502; *Chapman* v. *Robertson,* 6 Paige Ch. 627, 31 Am. Dec. 254; *Abraham* v. *Plestoro,* 3 Wend. 539, 20 Am. Dec. 738; *Hoyt* v. *Thompson,* 5 N. Y. 320; *Attorney General* v. *Bowen,* 4 Mee. and W. 171.   And *lex situs* governs when instrument is executed in a state other than that in which the property is situate.   *Green* v. *Van Buskirk,* 7 Wall. 139; *Ogden* v. *Saunders,* 12 Wheat. 313; *Ames Iron Works* v. *Warren,* 79 Ind. 512, 40 Am. Rep. 258; *Geo. T. Smith Purifier Co.* v. *McGroarty,* 136 U. S. 349; *Golden* v. *Cockrill,* 1 Kan. 259; *Denny* v. *Faulkner,* 1 Kan. 89; *Edgerly* v. *Bush,* 81 N. Y. 199; *Clark* v. *Tarbell,* 56 N. H. 88; *Hardaway* v. *Semmes,* 38 Ala. 657; *Guillan* v. *Howell,* 35 N. Y. 657;

*Whitman* v. *Connor*, 40 N. Y. Sup. Ct. 339; *Runyan* v. *Groshen*, 12 N. J. Eq. 86; *Rice* v. *Curtis*, 32 Vt. 460.

SMITH, J.:

This was an action by the plaintiff against defendant to recover $513.70 on an account stated. An attachment was issued, and money due defendant from F. Platt & Co. was attached. Defendant made default. The appellants intervened without objection, and claimed the money due from Platt & Co., claiming that it had been assigned to them before the service of the attachment. Plaintiff answered, and denied the claims of the interveners. On the issue thus made up between plaintiff and the interveners a trial was had before the court. A jury being waived, findings of fact and conclusions of law were made, and judgment entered for plaintiff and against the defendant and interveners. Motion for a new trial on a statement of the case was made and overruled, and the interveners appeal from the judgment and order denying a new trial. The following errors are assigned:

First. That the court erred in making the eighteenth finding of fact, to the effect "that the plaintiff was at the time of the commencement of this action a creditor of defendant." The action against defendant was on a contract. It made default so far as the claim of the plaintiff is concerned, although it appeared in the action, and answered the petition in intervention. In this state of the case, the claim of plaintiff, being founded on a contract, was admitted, and did not require proof. While the finding may have been unnecessary, it is warranted by the admissions of the pleadings.

Second. That the court erred in the conclusion of law to the effect that the pretended assignment to the interveners of the debt of Platt & Co. was void, and that there was in law no assignment of the account to the interveners.

The writing relied on as an assignment of this account is dated May 5, 1891, was made in Michigan, is made by defendant as party of the first part and the interveners as parties of the second part, and, so far as is material, is as follows:

"Witnesseth that the party of the first part, its representatives and assigns, for and in consideration of the sum of twenty-one thousand two hundred and ninety-nine dollars and forty-five cents to it in hand paid by said Union Bank, and the sum of five thousand dollars to it in hand paid by the said Alonzo Bennett, and for the purpose of securing the payment of said sums to each of said parties, and of any future sums in which it may at any time hereafter become indebted to each of the said second parties, does hereby grant, bargain, and sell unto the said parties of the second part and their representatives and assigns, and the representatives of each of them, all the following property, towit: The general stock of merchandise, saddlery hardware, gig and track saddles, coach pads, bridle fronts, and housings, manufactured and in process of manufacture, all stock material for the same, including boxes, and all other goods, wares, and merchandise, property and fixtures, containing in the three-story brick building of the said first party, situate on the south side of West Main street, between Blackstone and Jackson streets, Jackson, Michigan; and also all other goods, chattels, merchandise, furniture, and fixtures which at any time hereafter may be purchased for or added to or used in connection with said stock or business, or commingled therewith; and the said first party does hereby agree to, and does hereby, transfer, set over, and assign and set aside to said second parties all the notes, bills, accounts, debts connected with the said business, due or to become due, now existing or that shall hereafter accrue or be

acquired in the conduct of the business of said first party, and also all books of accounts, notes, bills, and other documents evidencing such obligations: provided, always, and these presents are made upon the express conditions, that if the said party of the first part shall pay or cause to be paid to each of the said second parties, its and his representatives and assigns, the sums and amounts above named and set forth, according to six promissory notes dated July 5, 1890, July 5, 1890, July 28, 1890, July 6, 1890, August 25, 1890, December 30, 1890, for $10,000, $7,000, $1,000, $2,000, $299.45, and $1,000, respectively, held by said Union Bank, amounting to $21,299.45, and certain other indorsed notes and claims against first party, amounting to $4,050.66, besides said parties' overdraft upon said Union Bank of and for the sum of $2,564.35, the payment of which this mortgage is intended to include and secure, and according to a certain promissory note held by Alonzo Bennett against the said first party, dated May 9, 1889, amounting to $5,000, and shall pay or cause to be paid all bills, accounts, notes, and obligations which at any time may be made or incurred by or be owing by said party of the first part to said parties of the second part, and each of them, at the times and in the manner in which the same shall become due and payable, together with interest thereon, then these presents shall cease, and become null and void."

There is no question but that this writing was intended to secure an indebtedness to the interveners, and was intended as a security only. The parties to it called it a mortgage. There is no pretense in the writing anywhere that it was intended to make an absolute conveyance of any property whatever. In fact it expressly declares that on payment of the debts it was given to secure it shall become "null and void." At most it is nothing more than

a chattel mortgage; and, waiving the question as to whether, if properly executed as a chattel mortgage, it would give interveners any rights as to the debt in question, it is sufficient to say that it is not executed in the manner required by our statutes in the execution of chattel mortgages, and is therefore not valid, except as to the parties thereto. Section 2801, Comp. Laws Utah. There is nothing before us to show what the statutes of Michigan require on this subject, and, in the absence of proof, they are presumed to be identical with our own. *Shumway* v. *Leakey*, 67 Cal. 458, 8 Pac. Rep. 12; *Marsters* v. *Lash*, 61 Cal. 622; *Brown* v. *Gas-Light Co.*, 58 Cal. 426; Suth. St. Const. § 184, and cases in notes. We are aware that this court, in *Rudy* v. *Railway Co.*, 8 Utah, 165, 30 Pac. Rep. 366, intimated that such presumption did not arise in the absence of proof of a foreign statute. However, a careful re-examination of the question brings us to the conclusion that our decision on that point in the case above cited is against the great weight of authority. In Mr. Sutherland's recent work on Statutory Construction, at section 184, the doctrine is laid down, and the authorities collated in the note. The learned author finally concludes with a statement of the rule in the following language: "The law of another state in certain cases is applied by comity when proved. If not proved there is no comity invoked, and the *lex fori* governs." This is simply another statement of the rule laid down in many of the cases, to the effect that, in the absence of proof to the contrary, the laws of another state are presumed to be the same as our own on the same subject. We are satisfied with this rule, and adhere to it. It results, therefore, that the writing under which the interveners claim is void, and conferred on them no title. The court below found it to be fraudulent in fact, and void for that reason, and it appears this conclusion was warranted by the evidence, but it is not necessay for us to go through the evi-

dence to determine this. The judgment is right in any event if the writing is void, as we have seen that it is. The judgment is therefore affirmed.

BARTCH, J., and MINER, J., concurred.