CHARLES A. SHEA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61936, 63962. Promulgated July 24, 1934.

*R. T. Jacob, Esq.*, for the petitioner.
*Chester A. Gwinn, Esq.*, and *Charles E. Lowery, Esq.*, for the respondent.

1266

OPINION.

ARUNDELL: There appears to be no dispute as to petitioner's salary from the partnership of J. F. Shea Co. This was divided between husband and wife in their returns and has not been changed by respondent. At the hearing counsel for petitioner conceded that the one ninth of the 40 percent interest in the partnership inherited by petitioner was his separate property; consequently the income attributable to such share is taxable to petitioner in whole.

The controversy here is with reference to the proper treatment of the partnership income allocable to the 40 percent interest acquired by petitioner by purchase in 1920 when domiciled in the State of Oregon. The respondent's position is that petitioner's interest in the

partnership was his separate property by reason of his acquisition of it in Oregon, but even if it were community property by virtue of the California domicile, its acquisition prior to July 29, 1927, prevents the wife from having any vested interest, hence under either theory the income is all taxable to the husband.

Oregon being a noncommunity property state, there is no doubt that petitioner's interest in the partnership was his separate property when acquired. It is a generally observed rule that separate property of either husband or wife does not lose its character as such upon a change of domicile. See Wharton, Conflict of Laws, § 197; McKay, Community Property, § 623. This was the settled rule in California for many years prior to the amendment of the Civil Code hereinafter discussed. It is clearly expressed in *In re Arms' Estate*, 186 Cal. 554; 199 Pac. 1050, as follows:

It has long been the established law of this state that where a husband brings into this state money or property acquired by him during coverture in another state, by whose laws it was his separate property, it remains his separate property after it reaches this state, and that any property acquired therewith in this state, either by purchase or exchange, is also the separate property of the husband. *Kraemer* v. *Kraemer*, 52 Cal. 302; *Shumway* v. *Leakey*, 67 Cal. 460, 8 Pac. 12; *Estate of Niccolls*, 164 Cal. 372, 129 Pa. 278; *Estate of Warner*, 167 Cal. 686, 140 Pac. 583.

Sections 162 and 163 of the Civil Code of California define the separate property of spouses and section 164 defines community property. Prior to July 27, 1917, section 164, as far as material here, provided that "all other property [i.e. other than separate property under section 162 and 163] acquired after marriage by either husband or wife, or both, is community property." As so worded, section 164 did not purport to apply to property acquired in another jurisdiction and taken into California, and the rule respecting such property was that quoted above from *In re Arms' Estate*. By an amendment effective July 27, 1917, section 164 was made to read as follows:

All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state, is community property.

Several cases involving this section thereafter reached the Supreme Court of California involving property acquired in common law states and taken into California prior to 1917. In such cases the court uniformly held that the amendment of 1917 could not be interpreted to act retroactively so as to affect rights which had become vested under the laws of California. *In re Arms' Estate, supra; Estate of Frees*, 187 Cal. 150; 201 Pac. 112; *Estate of Drishaus*, 199

Cal. 369; 249 Pac. 515. In 1923 section 164 was again amended by inserting the words " heretofore or hereafter " before the words " acquired while domiciled elsewhere." We have no question of retroactive construction in this case and the matters set forth in this paragraph are given merely as historical background and as an aid in following through the views of California, as expressed in legislative enactments, respecting property brought in from other states.

Petitioner's view in this case is that under section 164, as amended, his interest in the partnership became community property when he established his domicile in California. If so, the character of the property being established as community after July 29, 1927, the income therefrom was properly divided between the spouses in their income tax returns. *United States* v. *Malcolm*, 282 U.S. 792. Petitioner takes his stand squarely on the decision in *In re Thornton's Estate*, (Cal.) 19 Pac. (2d) 778. In that case, Thornton, while he and his wife were domiciled in Montana, acquired personal property which under the laws of that state was his separate property. The Thornton domicile was established in California in 1919 and the personal property acquired in Montana was taken into California at that time. Upon the death of Thornton his widow sought a decree of distribution in the California courts based on the claim that the entire estate of the decedent was community property. The State Supreme Court sustained her claim, holding the statute, as amended, valid in so far as it pertained to property brought into the state after 1917. However, a rehearing in the case was granted and, in an opinion handed down May 17, 1934, 33 Pac. (2d) 1, the court reversed its prior views and held that the amendments to section 164 violate the Fourteenth Amendment to the Constitution of the United States, hence are " unconstitutional and void." The opinion on rehearing reads in part as follows:

So long as we are bound by the holding that to limit the right of one spouse by increasing the right of the other in property acquired by their united labors, is the disturbance of a vested right, we entertain no doubt of the application of at least two provisions of the 14th amendment to the Constitution of the United States. If the right of a husband, a citizen of California, as to his separate property, is a vested one and may not be impaired or taken by California law, then to disturb in the same manner the same property right of a citizen of another state, who chances to transfer his domicile to this state, bringing his property with him, is clearly to abridge the privileges and immunities of the citizen. Again, to take the property of A and transfer it to B because of his citizenship and domicile, is also to take his property without due process of law. This is true regardless of the place of acquisition or the state of his residence.

(2) The doctrine that a change of domicile to this state, accompanied by an importation of the personalty is an implied consent to a submission to requirements of this statute, cannot be sustained, for to do so would be to give

effect to a restriction prohibited by the Constitution. (*Frost* v. *Railroad Commission*, 197 Cal. 230; *Hartford Acc. etc. Co.* v. *Delta & Pine Land Co.*, lecided by Supreme Court of the United States, April 9, 1934.)

(3) Neither can we hurdle these barriers by holding the Amendments in question to be part of our succession laws and hence valid as a statute of succession. For we are met with plain holdings of our own court that such is not the effect of said statute. (*Estate of Frees*, supra; *Estate of Drishaus*, supra.)

The result is that the rule in California is now the same as it was prior to the amendments to section 164, and property acquired in another state by whose laws it was the separate property of the husband remains his separate property when taken into California, *In re Arms' Estate*, *supra*, and under section 163 the "rents, issues, and profits thereof" are his separate property.

Under the California decisions, profits from a partnership in which the husband has invested separate property are not necessarily his separate income, and where it appears that some of the profits are due to his energy and ability, an apportionment will be made and such part as is due to his personal efforts is treated as community income and the part that accrues from the use of capital is his separate income. *Periera* v. *Periera*, 156 Cal. 1; 103 Pac. 488; *In re Gold's Estate*, 179 Cal. 621; 151 Pac. 12; *In re McCarthy's Estate*, (Cal. App.) 15 Pac. (2d) 223. As we view the present case, the application of that rule is not involved here. The petitioner received a salary from the partnership which presumably was compensation for his personal services and which has been treated by petitioner and his wife and also by the respondent as community income. Cf. *Barton T. Bean*, 29 B.T.A. 1261. At any rate we have not sufficient facts upon which an apportionment could be made.

We accordingly sustain the respondent in treating as separate income of the petitioner his distributive share of partnership income.

*Decision will be entered under Rule 50.*