[L. A. No. 1647.   Department Two.—March 21, 1902.]

In the Matter of the Estate of STEPHEN BURROWS, Deceased.    LOUISA J. BURROWS, Appellant, v. GEORGE S. BURROWS et al., Respondents.

ESTATES OF DECEASED PERSONS—ORDER SETTING APART HOMESTEAD TO WIDOW—LIMITED PERIOD—SEPARATE PROPERTY.—A homestead declared by the wife upon the separate property of the husband, in his lifetime, is properly set apart from his estate, after his death, to the widow, for a limited period only.

ID.—SEPARATE PROPERTY OF HUSBAND—SUPPORT OF FINDING.—A finding made upon the order limiting the homestead, that the land upon which it was declared by the wife was the husband's separate property, and purchased with his separate money, is sustained by proof that the wife had no separate property, and that at the time of the marriage the husband owned a farm in Kansas, which was afterward sold, and the money reinvested in other farms successively, each of which was sold and reinvestment made, and that upon final sale of all of his Kansas property the homestead in California was purchased from the proceeds of such sale.

ID.—LAW OF PROPERTY ACQUIRED IN KANSAS.—It seems that all property acquired by the husband in the state of Kansas, whether acquired before or after marriage, was by the law of that state the separate property of the husband, and, if so, it could not lose its character as such when brought into this state and invested here.

CXXXVI. Cal.—8

APPEAL from an order of the Superior Court of Orange County setting apart a homestead from the estate of a deceased person.  J. W. Ballard, Judge.

·The facts are stated in the opinion of the court.

Keech & Parker, for Appellant.

Scarborough & Forgy, for George S. Burrows, Charles Burrows, and James D. Burrows, Respondents.

West & Langley, for Executors, Respondents.

McFARLAND, J.—The appellant, who is the widow of the decedent, had during his lifetime filed a homestead declaration on the property here in question, he not joining therein; and she filed a petition to have it set apart in fee to her and her minor children as a homestead, upon the ground that it was community property.  The court below made a decree and order setting it apart to her for a limited period only; and from this decree and order she appeals.  The only question in the case is whether or not the property was community or separate.

At the time of the marriage, in 1878, the decedent was the owner of a farm in the state of Kansas, upon which he was residing with his children by a former and deceased wife.  At the time of the marriage the appellant had no separate property, nor has she since acquired any by gift, bequest, devise, or descent.  The appellant and decedent lived on this farm for about one year, when it was sold.  The decedent afterwards bought another farm in Kansas, and afterwards sold it, and then bought another and sold it; and this was repeated until he had thus bought and sold successively four or five farms.  The appellant joined in all the conveyances of these lands in Kansas.  In 1890 he sold all his property in Kansas and removed, with appellant, to California, where, with a part of the money received from the sales of the Kansas property, he bought the land upon which appellant filed her homestead declaration.

The court below found that the land in question was not purchased with community funds, and was not community property, and "that the said land and the dwelling were

purchased with the separate money of said deceased; said money being derived from property owned by said deceased prior to his marriage to the said Louisa J. Burrows, and the rents, issues, profits, and proceeds thereof; and that said land and premises were the separate property of said deceased." While, perhaps, there may be said to be some conflict of evidence on the subject, we think that the evidence was sufficient to warrant the above findings of the court.

The foregoing would be conclusive of the case if the occurrences had all taken place in California; but appellant relies to some extent upon certain laws of Kansas. We do not think, however, that the introduction of those laws was of any benefit to appellant. They are, as they purport to be, statutes of "Descents and Distributions," and provide how, upon the death of an intestate, his property "shall be distributed." There is no law there like those of California which create the classes of "community" and "separate" property. Indeed, it might well have been argued by respondents, in accordance with the rule declared in *Kraemer* v. *Kraemer,* 52 Cal. 302, that under the laws of Kansas the money with which the decedent afterwards purchased the land in California was his own individual property; that it did not lose such character when brought into this state; and that such character could not have been destroyed by the laws obtaining here "without divesting rights which had already been legally acquired." If that be so, then the position of appellant is, under any view, untenable.

The decree and order appealed from are affirmed.

Henshaw, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment. I have no doubt as to the rule declared in *Kraemer* v. *Kraemer,* 52 Cal. 302. There is no community property in Kansas. The wife may have her separate property, but there is no such thing as a separate estate of the husband as distinguished from common or community property. All the property belonging to him is therefore as completely his as is the separate property of the husband here. By the law of Kansas, the husband cannot without the consent of the wife dispose of his real estate, nor can he devise it so as to deprive her of her

right of inheritance to one half of it. The wife in this case did consent to dispose of the homestead, and it was converted into money, as was also other land belonging to him. All accumulations made after marriage in Kansas were his. If not, then the husband there has no property in which his wife is not part owner, for the law of that state makes no distinction between the property belonging to the husband before and still owned after marriage and that acquired after marriage. All he had in Kansas belonged to him and was his separate property when he arrived in California, no matter whether it was acquired in Kansas before or after marriage.

The wife never had separate property, even if judged by the law of California. But even though she had been possessed of means when she married, if by the law of Kansas the title to it had passed to the husband, and was fully his property by the law of that state, that too, in my opinion, would here be his separate property. He started from Kansas with money which was wholly his; I fail to see how the ownership was or could be changed by its removal here.

It is not a question of succession. By the Kansas law she would have inherited certain interests in his estate had he died there. Instead of proving that in Kansas she owned an interest in the property, it proves the contrary. It was his, or she could not have inherited it from him. Her only protection was, that he could not dispose of it without her consent and could not deprive her by his will of all her rights as heir in case of his death.