[S. F. No. 8673. Department One.—August 8, 1918.]

In the Matter of the Estate of FREDERIC JAMES BOSELLY, Deceased. EUGENIE SUSAN BOSELLY, Appellant; VIOLET ALINE HOLBO, Respondent.

ESTATES OF DECEASED PERSONS—DISTRIBUTION OF ALLEGED COMMUNITY PROPERTY—EVIDENCE—PRESUMPTION OVERTHROWN.—In this proceeding by a widow in the matter of the estate of her deceased husband for distribution to her of her share of what she alleged to be community property, the presumption that the property was community property under the sections of the Civil Code dealing with the subject was overcome by clear and convincing proof that the property was acquired by the deceased while a resident of other states, under the laws of which the property was his separate property.

ID.—EVIDENCE—TESTIMONY OF WIDOW—STATEMENTS IN PREVIOUS DEPOSITION.—In such a proceeding, where the widow attempted to assert

that certain statements made by her as to her husband's business affairs were hearsay, her statements in a deposition previously taken made as of her own knowledge were admissible as statements against interest.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for distribution. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Thomas, Beedy & Lanagan, for Appellant.

J. Delmore Lederman, and T. E. Pawlicki, for Respondent.

Gail Laughlin, *Amicus Curiae*, Petitioning for Rehearing.

RICHARDS, J., *pro tem.*—This is an appeal from an order denying the petition of the widow of the decedent for distribution to her of her share of what she alleges to be the community property of her husband's estate. The answer filed to the petition by a daughter of the decedent by a former marriage denied that the whole or any part of the estate of the decedent was community property and alleged that the whole thereof was her father's separate estate, setting up specifically and in detail the circumstances under which the said property had been acquired. The court, after a hearing, found that the facts as thus alleged in the answer were true, and as a conclusion of law from such findings of fact found that the whole of the decedent's property was his separate estate. The facts as thus alleged in the answer and found by the court to be true are as follows:

"That Frederic James Boselly and said Eugenie Susan Boselly were married in the city of Reno in the state of Nevada on the twenty-fourth day of July, 1897, and thencefrom, up and to and at the time of the death of said Frederic James Boselly, deceased, as aforesaid, on the 19th of February, 1914, said Frederic James Boselly and said Eugenie Susan Boselly were respectively husband and wife; that said Frederic James Boselly and said Eugenie Susan Boselly were both residents of the city and county of San Francisco, state of California, at the time of their said mar-

riage, and continued so to be such residents of said city and county of San Francisco and of the state of California until on or about the first day of April, 1899; that on or about said last-named date said Frederic James Boselly, with the intent on the part of said Frederic James Boselly to abandon his said residence within the state of California and to become a resident of the state of New York, removed from the state of California and went to the state of New York, arriving in said state of New York on or about the sixth day of April, 1899, and continued thencefrom until the seventeenth day of September, 1913, to reside without the state of California; that said Frederic James Boselly acquired a residence in said state of New York on said sixth day of April, 1899, and continued thencefrom until about the first day of June, 1910, to be a resident of said state of New York; that on or about the first day of June, 1910, said Frederic James Boselly, with the intention of abandoning his residence in the state of New York and acquiring a residence in the state of New Jersey, removed from the said state of New York to the state of New Jersey, and on or about said last-mentioned date, acquired a residence in said state of New Jersey and became a resident of said state of New Jersey, and continued thencefrom to be a resident of the state of New Jersey until on or about the first day of October, 1910. That on or about the first day of October, 1910, said Frederic James Boselly, with the intent of abandoning his said residence in the state of New Jersey and acquiring a residence in the state of New York, removed from the state of New Jersey to the state of New York, and on said last-mentioned date acquired a residence in said state of New York and became a resident of said state of New York and continued to be a resident of said state of New York until the seventeenth day of September, 1913, upon which date he arrived in the state of California; that, during all the period from the first day of April, 1899, to the seventeenth day of September, 1913, said Frederic James Boselly was a resident of no other state or states than the states of New Jersey or New York.

"That all of the property which said Frederic James Boselly died possessed of was, at the time of his death, the separate property of said decedent, Frederic James Boselly,

and was acquired by said Frederic James Boselly during the time that he resided outside of the state of California and while he was a resident of the state of New York and of the state of New Jersey under the laws of said states of New York and New Jersey.''

The only portion of the foregoing findings with which the appellant disagrees upon this appeal is embraced in the closing paragraph thereof to the effect "that all of the property which said Frederic James Boselly died possessed of . . . was acquired by said Frederic James Boselly during the time that he resided outside of the state of California and while he was a resident of the state of New York and of the state of New Jersey.'' It is conceded by the appellant that if the said property of the decedent was acquired by him in and under the laws of the states of New York and New Jersey, it would be his separate estate.

The first point which the appellant urges in support of her above contention is that the decedent having died in the state of California and his estate being in process of administration therein, and said property being admittedly accumulated during the period of his marriage with the appellant and being in his possession at the time of his death, the presumption arose that said property is community property under the sections of the Civil Code dealing with that subject; that the burden of overcoming that presumption by clear and satisfactory proof rested upon the contestant; that such burden had not been sustained, and, in consequence, the foregoing findings of fact could not be upheld upon appeal. It is practically conceded on the part of the contestant that the position of the petitioner with respect to this presumption and the degree of proofs required to overthrow it is correct and is sustained by the authorities which she cites in its support. The dispute arises over the sufficiency of the evidence upon which the court based its finding that the presumption had been overcome. The evidence upon which the contestant in a large measure relied to overthrow the presumption upon which the petitioner depended came from the lips of the petitioner herself, whom the contestant made her witness upon the hearing. It appeared from the testimony that the decedent and herself had been married in Reno, Nevada, on July 24, 1897; that they resided from that date until April 1, 1899, in the city of

San Francisco, California, during which time he was employed as an agent of the Price Baking Powder Company, keeping at the same time a small store; that in March, 1899, said employment ceased by reason of the absorption of the Price Baking Powder Company by the Royal Baking Powder Company. That shortly thereafter Boselly concluded to go east and seek employment with the Royal Baking Powder Company there; that he sold his store and household furniture and taking his wife went east in April, 1899. The petitioner testified that when she and her husband were married he had no property whatever, and in answer to the question as to whether she knew of her own knowledge whether Mr. Boselly had any property when he left California in April, 1899, she answered, "None to my knowledge," and she further testified that when she and her husband went east in 1899 "we had $726 in a savings bank which we took to go east." And when asked the question, "Had you any stocks or bonds which you carried with you?" she replied, "We had nothing." It is true that the witness undertook to qualify the force of this evidence a little later in her testimony by stating that she only knew what her husband told her upon this subject, but it is a significant circumstance in this connection that while she testified that her husband and herself were very confidential in respect to her business affairs, she nowhere undertook to testify in support of her own case that her husband and herself had in fact any other property than this small sum of money when they left California for New York in April, 1899. Concerning the rise in the decedent's fortunes after he had taken up his residence in the state of New York and later in the state of New Jersey, there is no material dispute. He entered the employ of the Royal Baking Powder Company at a comparatively small salary, but rose rapidly in the confidence and service of the corporation until he became its president in the year 1906, which position he held until his resignation on account of ill health in 1913. He received a high salary which he invested wisely. He became associated with other enterprises and was president of the American Maize Products Company from 1908 on, and was also president of the Tartar Chemical Company and a director of the Greenwich Bank. He established his legal residence in New York immediately after his arrival there

and later changed his legal residence for a time to the state
of New Jersey; and it is an undisputed fact that between the
years 1899 to 1913 his actual and legal residence was in one
or the other of these two states.  In the year 1913 Boselly,
on account of his failing health, retired from his business
associations and activities in these states and came to Cali-
fornia, arriving in September, 1913, where he thereafter
resided until his death, five months later, in February, 1914.
Taking the story of the decedent's life after the date of his
marriage with the petitioner in 1906 and up to the time of
his return to California in the year 1913, the conclusion
seems irresistible from his widow's own recital of it that
whatever property he died possessed of he acquired during
the years of his life and business activities and success while
a resident of the states of New York and New Jersey.
Upon this branch of the case and aside from the question
of the competency of the evidence of the petitioner herself
by which the facts were mainly proven, and aside from any
question as to errors, if any, committed by the court in
the course of its admission, we are of the opinion that the
contestant overcame whatever presumption existed as to the
property of the decedent being community property by clear
and convincing proof.

The petitioner, however, contends that the trial court
committed several vital errors in respect to and in the course
of the admission of the testimony of the petitioner in evi-
dence, and that but for these errors the required proofs
to support the contestant's case would have been lacking.
The first of these errors of which the appellant complains
is the alleged error of the court in permitting the contestant
to question the petitioner, when a witness, as to certain
statements contained in a deposition of the petitioner which
had been previously taken, the purpose of which inquiry
being that of showing that in her earlier deposition she had
stated certain facts respecting the state of her husband's
business affairs as of her own knowledge, whereas upon the
hearing of the case she attempted to assert that these were
wholly hearsay derived from what her husband had told
her respecting them.  The objection which was made on
behalf of the petitioner to the introduction of these earlier
statements from her deposition was that they were not admis-
sible because they did not contradict her testimony then

being given; but we do not deem this objection tenable, for two reasons: First, if the statements of the witness as given in her former deposition were as to matters within her own knowledge, they would have been admissible as statements against interest; second, it was a very proper matter for the court's determination as to whether the statement of the witness that these were matters of hearsay was not an afterthought and that her earlier recital of the same facts was not in fact, as it appeared to be, a recital of matters within her own knowledge. If so, there was a sufficient inconsistency between her earlier and later testimony to have justified the admission of the former in evidence.

This conclusion will dispose of another and very material contention made on behalf of the appellant. It is this: The appellant insists that so much of her testimony as was stated by her to have contained facts derived by her from statements made by her husband to her was erroneously admitted in evidence in violation of the rule of law regarding the inadmissibility of privileged communications between husband and wife. It is to be noted that if the view of the trial court with respect to the admissibility of the testimony of the witness as contained in her former deposition is adopted, enough was therein stated to have justified the ultimate conclusion of the court, and hence any error which it may have committed in admitting other statements of the witness to which she urged the objection that they were hearsay and privileged would not lead to a reversal of the case.

No other questions requiring consideration are presented upon this appeal.

Order affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.