[L. A. No. 8469.   In Bank.—September 16, 1926.]

In the Matter of the Estate of HERMAN DRISHAUS,
Deceased.

[1] HUSBAND AND WIFE — PROPERTY ACQUIRED OUT OF STATE — SEP-
ARATE PROPERTY — STATUS OF IN THIS STATE. — Personal prop-
erty of a decedent acquired by him in ·and under the laws of
another state prior to the date when he became a resident of
California, which was his separate property under the laws of
the former state, continued to be such when he became a resident
of this state in the year 1916.

[2] ID.—SECTION 164, CIVIL CODE—AMENDMENT OF 1923—INHERITANCE
TAX.—The amendment of 1923 to section 164 of the Civil Code,
adding the words "heretofore or hereafter," is not to be given
retroactive effect so as to injuriously affect the rights of a hus-
band in respect to his separate property owned prior to said
amendments; and his vested interest in personal property brought

---

1.   See   5 Cal. Jur. 279; 5 R. C. L. 830.
2.   See 24 Cal. Jur. 429.

to this state as his separate property under the laws of a state in which it was acquired is unaffected by said amendment, and the inheritance tax appraiser is entitled to levy an inheritance tax thereon accordingly.

[3] Id.—Amendment to Inheritance Tax Act—Inapplicability of. An inheritance tax becomes due and payable as of the date of the death of the decedent, and the amendment of 1925 to the Inheritance Tax Act of 1921, inserting the language of the amendment to section 164 of the Civil Code made in 1923, is inapplicable to the case of a decedent who died in 1924.

---

(1) 31 C. J., p. 17, n. 34; 37 Cyc., p. 1560, n. 6 New.    (2) 31 C. J., p. 13, n. 60.    (3) 37 Cyc., p. 1557, n. 81, p. 1574, n. 14.

APPEAL from an order of the Superior Court of San Diego County fixing an inheritance tax. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

George H. Stone for Appellant.

Wesley E. Marten, Erwin P. Werner, Adrian C. Stanton and George S. Dennison for Respondent.

Claude I. Parker and Ralph W. Smith, *Amici Curiae*, in Support of Appellant.

RICHARDS, J.—This appeal has been taken by Southern Trust & Commerce Bank, administrator with the will annexed of the estate of Herman Drishaus, deceased, from an order of the superior court, in and for the county of San Diego, overruling its objection to the report of the inheritance tax appraiser and fixing the inheritance tax in said estate. The facts of the case are embraced in a stipulation of the parties hereto, from which it appears that Herman Drishaus died on May 30, 1924, in the county of San Diego, California, being a resident therein; that he left as his widow Addie Drishaus. to whom he was married in 1875 in Milwaukee, Wisconsin; that thereafter the parties to the marriage removed to the state of Nebraska and from thence and in the year 1916 removed to San Diego, Cali-

---

3. See 24 Cal. Jur, 460.

fornia, where they resided until the husband's death; that all of the property of which he died possessed was personal property acquired while a resident of the state of Nebraska, except as to such increase therein as accrued from the unused earnings of said property during the residence of the deceased in California; that under the laws of the state of Nebraska property acquired there would be the separate property of the decedent; that the deceased left a will in which he denominated all of his property as community property; that by the report of the inheritance tax appraiser the entire property of the decedent was treated as separate property and was subjected to the inheritance tax which would be assessable against said property as the separate property of the decedent. In the trial court the administrator urged in support of its objection to the inheritance tax report making such appraisement and to the order fixing the inheritance tax in accordance therewith, that under the provisions of section 164 of the Civil Code, as amended in 1923 (Stats. 1923, p. 746), all of the property of the decedent was community property, and hence, that only one-half thereof should be taxed to the widow as the sole legatee under her husband's will. Section 164 of the Civil Code, as so amended, reads in part as follows: "All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, heretofore or hereafter acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state, is community property." The amendment to the portion of said section above quoted, made in 1923, consisted in the insertion of the words "heretofore or hereafter," the same reading before said amendment as follows: "All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, and personal property wherever situated, acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state, is community property." (Stats. 1917, p. 827.) The effect of the amendment, if valid, would be to render the personal property of the decedent, acquired prior to the taking effect of the amendment and while a resident of the state of Nebraska, community property and as such subject

to the laws of this state declaring the status of husband
and wife with relation to the community property during
the period of their residence in this state prior to the hus-
band's death.   [1]   The property of the decedent herein
acquired by him in and under the laws of the state of
Nebraska prior to the date when he became a resident of
California, and having been under the laws of the state of
Nebraska his separate property, continued to be such when
the decedent became a resident of this state in the year
1916, in conformity with the well-settled rule upon that
subject set forth in the following uniform line of decisions:
*Kraemer* v. *Kraemer*, 52 Cal. 302; *Estate of Burrows*, 136
Cal. 113 [68 Pac. 488]; *Estate of Niccolls*, 164 Cal. 368
[129 Pac. 278]; *Estate of Warner*, 167 Cal. 686 [140 Pac.
583]; *Estate of Boselly*, 178 Cal. 715 [175 Pac. 4]; *Estate
of Arms*, 186 Cal. 554 [199 Pac. 1053]; *Estate of Frees*, 187
Cal. 150 [201 Pac. 112].   The decision in the last case above
cited was handed down by this court in September, 1921,
and it had reference to a case wherein a decedent, who had
acquired certain property in the state of Wisconsin which
was separate property under the laws of that state, and had
subsequently removed to Illinois, under the laws of which
state also personal property acquired by a decedent during
his marriage would constitute his separate property, and
had thereafter, and in the year 1910, removed to California,
where with his wife he had resided until his death in the
year 1920.   This court had therefore before it the question
as to the effect of the amendments to the Civil Code made in
the year 1917 upon the status of the decedent's estate in his
said property and as to whether such property, by reason of
said amendment to the code, had become community prop-
erty.   The court in determining that question considered two
propositions: first, as to whether said amendments to the
Civil Code made in 1917 would be constitutional in so far as
it was attempted by the legislature thereby to convert the
property of the husband which had theretofore been separate
property into community property; and, second, as to
whether the statute of 1917 should or could be given re-
troactive effect.   In considering these propositions this court
held that under the decision of *Spreckels* v. *Spreckels*, 116
Cal. 339 [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac.
228], the amendments to sections 164, 172 and 172a of the

Civil Code adopted in 1917 (Stats. 1917, pp. 827, 829)
were not to be given retroactive effect so as to injuriously
affect the vested rights of the husband in respect to his
separate property owned by him prior to said amendments
to the code. Following the decision in *Estate of Frees,* the
state legislature in 1923 amended section 164 of the Civil
Code in the respect above set forth, in an apparent en-
deavor to give retroactive effect to the provision of said
section of the code, and thus avoid the effect, in so far as
it was possible to do so, of our decision in *Estate of Frees,
supra.* The legislature had also, in the year 1917, adopted
those certain amendments to the Civil Code which are to be
found in section 172 thereof as then amended and in section
172a thereof as added in that year thereto. In the case of
*Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac. 22] it was
held by this court that said amendments to the Civil Code
could not be held to affect the vested interest of the
husband in property acquired by him prior to the date
of said amendments. In the case of *Stewart* v. *Stewart,
ante,* p. 318 [249 Pac. 197], the principles declared in
*Roberts* v. *Wehmeyer, supra,* and in the long line of deci-
sions which preceded it and which are fully considered
therein were restated and reaffirmed. [2] The effect of
these earlier and later decisions of this court cannot be held
to be other than that of deciding that the vested interest
which the decedent in the instant case had in the personal
property brought by him to this state as his separate prop-
erty, and since then up to the time of his death held and
owned by him as his separate property and estate, was un-
affected by the foregoing amendments to the Civil Code, and
that at the time of the death of said decedent the whole of
said property was his separate property and estate. If this
be true, it necessarily follows that the inheritance tax ap-
praiser in fixing the amount of the inheritance tax to be
imposed upon the estate of said decedent was entitled to
treat the whole of his said property and estate as separate
property and to levy an inheritance tax thereon accordingly,
and hence that the trial court in making its order approv-
ing said report was not in error. [3] The appellant, how-
ever, insists that the amendment to the Inheritance Tax Act
adopted by the legislature in 1925 has so far affected the
status of the property of this estate as to require a reversal

of the order from which this appeal is taken. By the terms of said amendment the language of the amendment to section 164 of the Civil Code made in 1923 has been inserted in the Inheritance Tax Act of 1921 (Stats. 1921, p. 1500), in an attempt to render said act retroactive in its effect upon the property of estates acquired under the circumstances shown in the instant case. Without discussing the effect of said amendment generally it may be stated that since the decedent herein died in May, 1924, and since the inheritance tax imposed by the Inheritance Tax Act as it then read and still reads (sec. 7 [1]) became due and payable at the death of the decedent, and since the order fixing the amount of said tax was made and entered on November 15, 1924, and since this appeal from said order was taken and perfected on November 21, 1924, we are of the opinion that the amendment to the Inheritance Tax Act approved May 22, 1925, cannot be given application to this case.

It therefore follows that the said order must be and the same is hereby affirmed.

Waste, C. J., Shenk, J., Curtis, J., and Seawell, J., concurred.