[Civ. No. 6326. First Appellate District, Division Two.—June 22, 1928.]

ELIZABETH S. WILLIAMS, Respondent, v. PERRY D. SUTPHEN, Appellant.

Robt. E. Austin, John N. Helmick and E. E. Morris, for Appellant.

Chas. C. Montgomery and Earl S. Wakeman for Respondent.

NOURSE, J.—Plaintiff sued the defendant individually and as administrator of the estate of his deceased wife for an accounting of the assets of the estate. Plaintiff had a judgment, from which the defendant has appealed on a bill of exceptions.

The issues raised by the complaint were that plaintiff, a sister of deceased, was the residuary legatee under the will; that defendant, as administrator with the will annexed, made an inventory of said estate which was not complete, but that the defendant concealed and claimed as his own, adversely to the interest of the estate, certain personal property, consisting of stocks and bonds of the value of. $15,000. It was also alleged that the deceased had in her possession, as her separate property, at the time of her death, certain jewelry and certain stocks and bonds of the value of $7,100, of which she had made a gift to the plaintiff, but that the defendant claimed the jewelry as a part of the estate. The answer denied that any of the property mentioned in the complaint belonged to the estate and denied specially that the deceased had made any gift to the

plaintiff of either the jewelry or the stocks and bonds mentioned.

The trial court found that the stocks and bonds enumerated in finding number five were the separate property of the deceased and a part of the estate; that the jewelry referred to in the complaint was given to the plaintiff by the deceased and was not property of the estate; and that the deceased attempted to make a gift to the plaintiff of the stocks and bonds, valued at $7,100; but it was not found whether this gift was completed or whether these stocks and bonds were separate or community property.

On this appeal the appellant attacks finding number five as not supported by the evidence and, as a separate ground for reversal, assigns the failure of the trial court to find whether the stocks and bonds referred to in finding seven, which the deceased attempted to give to the respondent, were the separate property of the deceased, and whether they became the property of the respondent.

In support of finding number five respondent points out that the evidence discloses that the appellant and his wife commenced in 1913 to invest in stocks, bonds, and mortgages, keeping a book of account of all these investments, some of which were entered in his name and some in the name of the deceased; that these investments were made while the parties were residents of Portland, Oregon, and were continued over a period of eight years and until 1921 when the parties returned to California; that under the laws of the state of Oregon all property acquired there in the name of the wife was deemed to be her separate property; and that at all times prior to the death of deceased this property was recognized and treated by both husband and wife as the separate property of the latter. The evidence, as is usual in cases of this kind, was meager, the husband being the one person who had the most intimate knowledge of the facts and circumstances, and he, being adverse to the interests of the respondent, disclosed no more than he deemed necessary.

We have examined the record, and we are satisfied that the trial court was justified in reaching the conclusion, from the facts proved and the inferences applicable, that the bonds referred to in finding number five were at all times the separate property of the deceased and, accordingly, a part

of her estate. We should add, however, that if the direct evidence should be insufficient to support this finding, the inference to be drawn from the fact that all this property was acquired in the wife's name, in a state whose laws favor the separate property of husband and wife and are adverse to the theory of community property (*Bosma* v. *Harder,* 94 Or. 219 [185 Pac. 741, 744, 745]), would compel us to affirm in the absence of a satisfactory explanation on the part of the appellant. This witness' testimony was so equivocal and unsatisfactory that the trial court could well have rejected it altogether.

 Both parties urge that the cause be remanded for the purpose of retrying the issue relating to the stocks and bonds mentioned in finding number seven. The trial court merely found that the deceased "attempted" to make a gift of these stocks and bonds to the respondent. This would imply that, though a gift was attempted, it was not consummated. Thus the finding is not prejudicial to the appellant, and, as the judgment is wholly silent on the issue, he is not prejudiced by the judgment. But as the respondent consents that the cause be remanded for a trial on this issue, such will be the order.

The judgment is affirmed, but the cause is remanded for a new trial on the sole issue of the ownership of the $7,100 stocks and bonds, referred to in finding number seven, each party to bear his own costs on this appeal.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on August 20, 1928.

All the Justices present concurred.