[Civ. No. 7978. Second Appellate District, Division One.—October 5, 1931.]

UNIVERSAL OIL LAND COMPANY (a Corporation) et al., Petitioners, v. HON. WALTER S. GATES, Judge of the Superior Court, etc., et al., Respondents.

Ewell D. Moore and W. H. Douglass for Petitioners.

Canepa & Castruccio for Respondents.

HOUSER, J.—In this matter petitioners seek to prohibit the superior court from proceeding with the trial of an action in which the petitioners are defendants and one I. Maurice Wormser, as receiver, and Bessie E. Arnold are plaintiffs.

It appears that in a suit for divorce pending in the Supreme Court of the state of New York, in which the said Bessie E. Arnold is the plaintiff and her husband Ray H. Arnold is the defendant, the said court made its order by which the said defendant was ordered to make monthly payments to the said plaintiff of a certain sum of money pending the determination of the said action; that thereafter, on the failure of the said defendant to make one of such monthly payments to the said plaintiff, the said court made its order by which the said I. Maurice Wormser was appointed receiver in sequestration of all the personal property of the said defendant for the purpose of making the said several monthly payments theretofore ordered to be made by him to the said plaintiff in the action pending its determination. It also appears that the said defendant, who is now a resident of this state, is the owner of certain shares of stock in each of the corporations which are petitioners herein; that each of said corporations has and maintains an office in the city of Los Angeles, state of California, for the transaction of its corporate business; that by further order of the Supreme Court of the state of New York the said receiver and the plaintiff in said action were authorized to commence and prosecute an action in this state against each of said corporations to compel it "to transfer to the name of the receiver", I. Maurice Wormser, the several shares of stock owned by the defendant Ray H. Arnold in each of such

corporations; that in pursuance of said authorization the said Wormser, as such receiver, and Bessie E. Arnold did commence an action in the superior court of this state against each of said defendant corporations, wherein the plaintiffs therein sought to have it ordered that the said several shares of stock in each of said corporations then belonging to Ray H. Arnold be transferred by it to I. Maurice Wormser, as said receiver; that he be adjudged the lawful owner of said respective shares of stock; and that each of said corporations be enjoined and restrained pending the trial and final determination of the action from transferring on its books to any person any of said shares of stock. It further appears that the defendants in said action both demurred and answered to the complaint therein for want of jurisdiction of said superior court over the cause of action, but that said demurrer was overruled by said court which, on a preliminary hearing of the matter, in effect ordered a temporary injunction pending the final determination of the action to issue as prayed in the complaint. As hereinbefore indicated, for the purpose of preventing further proceedings in said action, on application by the defendants therein to this court, its alternative writ of prohibition has issued; and at this time the question for determination by this court is whether the said superior court has jurisdiction of the action to which reference has been had.

The appointment of the plaintiff Wormser as receiver in sequestration in the divorce action between Bessie E. Arnold and Ray H. Arnold purportedly was authorized by the provisions of sections 1171 and 1171a of the New York Civil Practice Act. As far as is here pertinent, the substance of such statutes is that where a husband has failed to make payment to his wife as required by the terms of an order of the court: " . . . *the court may cause his personal property and the rents and profits of his real property to be sequestered, and may appoint a receiver thereof.* The rents and profits and other property so sequestered may be applied, from time to time, under the direction of the court, to the payment of any of the sums of money specified in this section, as justice requires; . . . "

Construing such statute in the case of *Matthews* v. *Matthews*, 240 N. Y. 28 [38 A. L. R. 1079, 147 N. E. 237], the court of appeals of New York in substance declared that the

order of sequestration and the appointment of a receiver thereunder was "*a remedy in the nature of an attachment* . . . This in effect is the same as attaching the defendant's property and holding it subject to the further order or judgment of the court. . . .

"Wives and children of absconding husbands who have property *within the state,* therefore, have this new and additional *remedy.* The property may be seized and held by the sequestration order, subject to the further provision of the court."

In the annotation of the cited case in 38 American Law Reports, 1079, 1084, where the related authorities are reviewed and commented upon, it is said:

" . . . the courts seemingly take the view that the effect of these statutes is practically the same as that of statutes providing for *ordinary attachment* of an absent defendant's property. . . .

"And it has been held that as the remedy provided for, under a statute giving power of sequestering the property of a husband required by a divorce decree to provide for the education or maintenance of his children, or the support of his wife, in the event of his failure to make the payments required, *is in the nature of an execution, and not a judgment,* an amendment extending the provision to final judgments for divorces is retroactive. (*Moore* v. *Moore,* 143 App. Div. 428 [128 N. Y. Supp. 259], affirmed in 208 N. Y. 97 [101 N. E. 711].)"

In the case of *Lynde* v. *Lynde,* 181 U. S. 183 [45 L. Ed. 810], it appeared that an action for divorce in the state of New Jersey resulted in part in alimony being allowed to the plaintiff therein; and the same not having been paid, a receiver in sequestration was appointed for the purpose of collecting the moneys theretofore ordered to be paid by the defendant to the plaintiff. Thereafter the defendant removed to the state of New York. In considering the force and effect in New York of the appointment of the receiver in sequestration by the New Jersey court, in part the United States Supreme Court said: "The provisions for bond, sequestration, receiver, and injunction, *being in the nature of execution, and not of judgment, could have no extraterritorial operation.*"

In the case of *Fall* v. *Eastin*, 215 U. S. 1 [17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924, 54 L. Ed. 65, 30 Sup. Ct. Rep. 3, 9], it appeared that in a divorce suit instituted in the state of Washington, the court, having jurisdiction of each of the parties thereto, rendered a decree affecting the title to real property in the state of Nebraska and endeavored through a commissioner appointed by the Washington court to convey title to such land to the plaintiff. In reaching the conclusion that under the provisions of the "full faith and credit" clause of the federal Constitution, "the decree in Washington gave no such equities as could be recognized in Nebraska as justifying an action to quiet title",—with reference to the Washington decree, in part the court quoted with approval from the case of *McElmoyle* v. *Cohen*, 13 Pet. (U. S.) 312 [10 L. Ed. 177], as follows: "It does not carry with it into another state the efficacy of a judgment upon property or person, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there; and can only be executed in the latter as its laws may permit."

A case directly in point is that of *Dyer* v. *Dyer*, 231 App. Div. 453 [247 N. Y. Supp. 540]. The action was for "separation". The defendant was not a resident of the state, but under the provisions of section 1171a of the New York Civil Practice Act, which relates to nonresident defendants, an order was made "directing the sequestration of his property in this state, tangible and intangible, and appointing a receiver thereof". In rendering its opinion, in part the court said:

"The appeal is from such parts of this order as enjoin defendant from transferring certain stock or registered bonds of Radio Corporation of America owned by him, and enjoin the Radio Corporation of America from transferring upon its books any share or shares of stock, or any registered bond or bonds listed in the name of defendant, and direct said corporation to pay to the receiver all dividends or interest payable upon said stock or said registered bonds listed upon its books in the name of defendant.

"Shares owned by a nonresident defendant in a foreign corporation are not property within the state of New York, even though the corporation be doing business here, unless the stock certificates themselves are found within the state.

Certificates of stock as in the case with bonds of foreign companies have been held property subject to the levy of an attachment.

"The court had no jurisdictional basis for any order relating to corporate bonds.

"The order appealed from should be reversed in so far as it relates or purports to relate to any shares of stock of the Radio Corporation of America, to any bonds not actually situated within the state, whether such bonds be of the Radio Corporation of America or of Vreeland Apparatus Company, Inc., and to any property of the defendant which is not located within the state of New York, and the motion in said respect denied. . . . "

It is clear that if, as indicated by the decisions to which reference has been had (particularly to those rendered by the New York courts), the appointment of a receiver in sequestration in a divorce suit is in the nature of an attachment in other actions, and in effect is identical therewith; that the purpose of the enabling act was merely to extend to divorce suits the application of the principle of attachment and to provide a remedy; and that in no sense could such remedy be considered analogous to a judgment;—it would follow that, although the officer authorized to take possession of the property is designated by the statute as a "receiver", his territorial jurisdiction in the premises is limited at least to the state of New York.

Considering the fact that the action in the lower court in this state was not founded upon any judgment, but rested solely on the order of sequestration of the New York court, together with its subsequent order by which the receiver in sequestration purportedly was given authority to bring an action in this state, it would seem manifest that the lower court was without jurisdiction in making the order of which petitioners here complain.

It is ordered that the alternative writ of prohibition heretofore issued herein be, and the same is, made permanent.

Conrey, P. J., and York, J., concurred.