1 Cal.2d 1 (1934)
In the Matter of the Estate of WILLIAM M. THORNTON, Deceased. JOSEPH A. GARRY, as Executor, etc., Appellant,
v.
LUCY CRESWELL et al., Respondents.
S. F. No. 14262. 
Supreme Court of California. In Bank. 
May 17, 1934.
 Jos. A. Garry, in pro. per., for Appellant.
 Chase, Barnes & Chase, and J. L. Royle, as Amici Curiae on Behalf of Appellant.
 Carey Van Fleet, Treadwell, Van Fleet & Laughlin, Alan C. Van Fleet, Pillsbury, Madison & Sutro, Maurice D. L. Fuller, Frank D. Madison and Marshall P. Madison for Respondents.
 Marcel E. Cerf, Henry Robinson, Herbert A. Leland, John Perry Wood, John F. McCarthy and Norman T. Mason, as Amici Curiae on Behalf of Respondents.
 PRESTON, J.
 Appeal from order denying petition for distribution of one-half of the estate of William M. Thornton, deceased, to his widow, Helen H. Thornton, also now deceased.
 The basic question is that of the constitutionality of so much of section 164 of the Civil Code as provides that all other property (than separate property as defined by sections 162 and 163 of said code) "acquired after marriage by either husband or wife, or both, including ... personal property wherever situated, heretofore or hereafter acquired while domiciling elsewhere, which would not have been the separate property of either if acquired while domiciled in this state is community property ..."
 The findings of the court in this cause, which have ample support in the record, show the facts material to this discussion *3 to be as follows: The property involved was acquired by said husband and wife during the years 1885 to 1899 and 1906 to 1919, while they were domiciled in Montana and, under the laws of that state, it was the husband's separate property, subject only to the wife's dower rights. The husband returned to California in 1919, bringing said property with him, and was here domiciled until his death on February 25, 1929. His widow petitioned for distribution of one- half of his estate to her upon the theory that said property was converted into community property when it was brought into this state. The court below, however, upheld the testamentary attempt of the husband to dispose of all of said estate as his sole and separate property. The widow thereupon prosecuted this appeal from the order denying her petition for distribution and the executor of her will has now been substituted as petitioner and appellant in her stead.
 [1] Further reflection upon the question presented convinces us that under the compulsion of well-understood constitutional provisions, as well as settled pronouncements of this court, no alternative remains but to declare the above-quoted provision unconstitutional and void.
 [2] Since the statute of 1891 (Stats. 1891, p. 425, sec. 172, Civ. Code), enlarging the right of the wife in the community property, it has been consistently and repeatedly held that any interference with the right of ownership or dominion over the common property is a disturbance of a vested right of the husband. (Spreckels v. Spreckels, 116 Cal. 339 [48 P. 228, 58 Am.St.Rep. 170, 36 L.R.A. 497].) Each step taken in recognition of the wife's increasing claims upon said property has been met by express holdings of this court that such statutes are inapplicable to existing community property and could only apply to subsequent acquisitions of the marital union. (Spreckels v. Spreckels, 172 Cal. 775 [158 P. 537]; Roberts v. Wehmeyer, 191 Cal. 601 [218 P. 22]; Stewart v. Stewart, 199 Cal. 318 [249 P. 197]; McKay v. Lauriston, 204 Cal. 557 [269 P. 519].)
 [3] If this be true as to the common property, how much plainer must the application of the same principle be to the separate property of either spouse. We then must consider whether separate property acquired by either *4 spouse in a common-law state can be converted to common property by the mere act of bringing it into a community property state and establishing a domicile therein. Again this court has repeatedly spoken with a negative answer over a period of more than fifty years. (Kraemer v. Kraemer, 52 Cal. 302; Estate of Burrows, 136 Cal. 113 [68 P. 488]; Estate of Niccolls, 164 Cal. 368 [129 P. 278]; Estate of Boselly, 178 Cal. 715 [175 P. 4].)
 This was the unclouded holding until 1917 when section 164 of the Civil Code was amended to provide substantially as above quoted. The question then arises as to the competency of the state to pass such a statute in view of certain clear, related and co-ordinate inhibitions of section 1 of the 14th amendment to the Constitution of the United States and the due process provision of article I, section 13, of the state Constitution. In the following cases this question was partially determined by holding that the provision was without application to property brought into the state prior to passage of the enactment. (Estate of Frees, 187 Cal. 150 [201 P. 112]; Estate of Arms, 186 Cal. 554 [199 P. 1053].)
 Still confident of its power to enact such a statute, the legislature in 1923 supplemented and clarified the amendment by the use of appropriate words to make its provisions apply to such property whether brought into the state before or after passage of the act. Power to legislate as to property reaching a California domicile before passage of the act was again held wanting. (Estate of Drishaus, 199 Cal. 369 [249 P. 515].)
 As to property brought into the state subsequent to the amendments of 1917 and 1923, we have certain appellate court decisions which have assumed that the principles of the Frees and Drishaus cases (Estate of Frees, supra; Estate of Drishaus, supra) control and the statute was in those cases held inoperative as to separate property of the spouse brought into the state subsequent to passage of the act (Scott v. Remley, 119 Cal.App. 384 [6 PaCal.2d 536]; Melvin v. Carl, 118 Cal.App. 249 [4 PaCal.2d 954]; Estate of Bruggemeyer, 115 Cal.App. 525 [2 PaCal.2d 534]). This holding was also announced in Brookman v. Durkee, 46 Wash. 578 [90 P. 914, 123 Am.St.Rep. 944, 13 Ann. Cas. 839, *5 12 L.R.A. (N. S.) 921], and Douglas v. Douglas, 22 Idaho, 336 [125 P. 796].
 So long as we are bound by the holding that to limit the right of one spouse by increasing the right of the other in property acquired by their united labors, is the disturbance of a vested right, we entertain no doubt of the application of at least two provisions of the 14th amendment to the Constitution of the United States. If the right of a husband, a citizen of California, as to his separate property, is a vested one and may not be impaired or taken by California law, then to disturb in the same manner the same property right of a citizen of another state, who chances to transfer his domicile to this state, bringing his property with him, is clearly to abridge the privileges and immunities of the citizen. Again, to take the property of A and transfer it to B because of his citizenship and domicile, is also to take his property without due process of law. This is true regardless of the place of acquisition or the state of his residence.
 [4] The doctrine that a change of domicile to this state, accompanied by an importation of the personalty is an implied consent to a submission to requirements of this statute, cannot be sustained, for to do so would be to give effect to a restriction prohibited by the Constitution. (Frost v. Railroad Com., 197 Cal. 230 [240 P. 26]; Hartford Acc. etc. Co. v. Delta & Pine Land Co., 292 U.S. 143 [54 S.Ct. 634, 78 L.Ed. 1178, 92 A.L.R. 928], decided by Supreme Court of the United States, April 9, 1934.)
 [5] Neither can we hurdle these barriers by holding the amendments in question to be part of our succession laws and hence valid as a statute of succession. For we are met with plain holdings of our own court that such is not the effect of said statute. (Estate of Frees, supra; Estate of Drishaus, supra.)
 The judgment is affirmed.
 Waste, C.J., Shenk, J., and Seawell, J., concurred.
 LANGDON, J.,
 Dissenting.
 I dissent.
 I am in full agreement, of course, with the proposition that absolutely owned personal property brought into this state by the husband cannot be taken from him, nor can his ownership or control over it be diminished or impaired *6 by our statute. To make such deprivation or impairment of a vested property right a condition of entrance into this state is undoubtedly unconstitutional, as the majority opinion points out. This question has been fully considered in the law reviews, and the principles and cases will be found fully discussed therein. (See 20 Cal. L. Rev. 201; 5 So. Cal. L. Rev. 309; 21 Cal. L. Rev. 221.) But the conclusion that the section under consideration is unconstitutional in so far as it attempts to diminish the husband's property rights during his lifetime does not solve the problem of the instant case. William Thornton is dead and has no property rights. No claim of rights under sections 172 and 172a was made by his wife before his death. The parties before the court all have claims arising after death, and the only rights conceivably involved are those of succession and testamentary disposition.
 This is made clearer by an examination of the relevant statutes. Section 164 defines community property; sections 162 and 163 define separate property; section 201 of the Probate Code provides that upon the death of either husband or wife, "one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent". Now, to say that the widow here claims under section 164, and that she must fail because that section is unconstitutional, is unsound. Section 164 is not a statute of succession and the widow cannot claim rights under that section alone. Section 164 declares none of the interests of the spouses in community property, and hence it affects no rights. It is a definition, nothing more. To declare it void by itself is meaningless. It is only invalid when, taken together with some other statutory provision for the incidents of community property as defined in section 164, a violation of a constitutional right appears. This would be the situation were section 164 to be taken to enlarge the wife's rights under sections 172 and 172a. So here, the widow claims under section 201 of the Probate Code, and the constitutionality of that section, as broadened by the definition of section 164, is the only question on this appeal. The issue is whether the state of California may require that upon the death of a decedent, certain property owned by him and brought into this state shall be subject to the same rules of testamentary disposition and succession as community property acquired in this state. *7 There can be no doubt as to the answer. It is a rule of almost universal acceptance that the rights of testamentary disposition and of succession are wholly subject to statutory control, and may be enlarged, limited or abolished without infringing upon the constitutional guaranty of due process of law. (See Spreckels v. Spreckels, 116 Cal. 339 [48 P. 228, 58 Am.St.Rep. 170, 36 L.R.A. 497]; Estate of Phillips, 203 Cal. 106 [263 P. 1017]; Estate of Watkinson, 191 Cal. 591 [217 P. 1073]; Magoun v. Illinois T. & S. Bank, 170 U.S. 283 [18 S.Ct. 594, 42 L.Ed. 1037].)
 The only objection urged to this reasoning is the failure of this court to apply it in the Frees and Drishaus cases. These decisions state that section 164 is not a statute of succession, and the statement is strictly correct. However, neither is it a statute giving the wife rights in the husband's property during his lifetime. It is, as already shown, a statute of definition. That its effect on the statutes governing rights during the husband's lifetime (secs. 172, 172a), and on those governing rights after death (Prob. Code, sec. 201), is not the same, is, of course, clear. Hence, section 164 may, in its application to the other statutes, be considered as a separate and distinct law in each instance, and the legislative power may be upheld where properly exercised, and denied where constitutional objections are present. This view is possible, reasonable, and in accordance with the legislative purpose. We should disregard the prior expressions in cases where the point was not fully presented, and give the statute a construction which will give it effect to the extent that it is constitutional.