LOTTIE ZUKOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99901. Promulgated March 6, 1941.

*Marshall D. Hall, Esq.*, and *F. A. Pike, C. P. A.*, for the petitioner.
*Samuel Taylor, Esq.*, for the respondent.

826

## OPINION.

KERN: The sole question is whether one-half of the sum of $45,000 paid by petitioner's husband, Adolph Zukor, in the taxable year 1937 in compromise of two suits begun in 1934 against him and others in New York is deductible from petitioner's gross income for that year under section 23 (a) of the Revenue Act of 1936. The two spouses, as they might properly do, each reported one-half of the earned income. *United States* v. *Malcolm*, 282 U. S. 792. Each claimed also one-half of the deductions related to that income, including the expense in question. Obviously, in California, as in Texas, if the debt was incurred by the husband in that state during coverture and was, therefore, a community debt, one-half would be deductible by each spouse. *Alice G. K. Kleberg*, 43 B. T. A. 277. The character of the expense is not in controversy. The question is, therefore, narrowed to whether petitioner, who was residing in the community property State of California in the taxable year, is entitled to such a deduction arising out of litigation instituted in and growing out of acts performed in the noncommunity property State of New York. The nature of the two suits has been sufficiently set out to make recapitulation here unnecessary beyond saying that they both grew out of alleged improper acts of petitioner's husband and others while he was an officer and/or director of the Paramount Publix Corporation in the State of New York.

Respondent confesses that he has been able to find no cases precisely in point here, but contends that the obligation, having arisen while petitioner and her spouse were not residing in California, was his alone, and cites various cases holding that the property of the husband acquired in a noncommunity property state remained his separate property after his removal to California; *Charles A. Shea*, 30 B. T. A. 1265; affd., 81 Fed. (2d) 937; *W. L. Honnold*, 36 B. T. A.

1190; *Ruth B. Rains*, 38 B. T. A. 1189. He does not trace, however, the progress of California legislation on this subject to show what rule is now applicable.

We must here look to the law of California first. The Civil Code of California, by sections 162 and 163, defines the separate property of spouses, and by section 164 defines community property as follows:

All other property acquired after marriage by either husband or wife, or both, including real property situated in this State and personal property wherever situated, heretofore or hereafter acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this State, is community property; * * *

This provision is the result of an amendment on July 27, 1917, and another in 1923, for the provision as it stood previously was held by the State Supreme Court in *In re Arms' Estate*, 186 Calif. 554; 199 Pac. 1050, to mean much less:

It has long been the established law of this state that where a husband brings into this state money or property acquired by him during coverture in another state, by whose laws it was his separate property, it remains his separate property after it reaches this state, and that any property acquired therewith in this state, either by purchase or exchange, is also the separate property of the husband.

Since the year here involved is 1937, the section as amended in 1917 and 1923 would be applicable. It is significant, therefore, that the new provision, after first having been upheld by the State Supreme Court, was, in *In re Thornton's Estate* (Cal., 1934), 33 Pac. (2) 1, held unconstitutional, as infringing the due process and privileges and immunities clauses of the Fourteenth Amendment of the Federal Constitution. As we said in *Shea's* case, *supra*, at page 1269, commenting on this decision, "The result is that the rule in California is now the same as it was prior to the amendments to section 164, and property acquired in another state by whose laws it was the separate property of the husband remains his separate property when taken into California, *In re Arms' Estate*, *supra*, and under section 163 the 'rents, issues, and profits thereof' are his separate property."

This is the rule in respect of separate personal property acquired in a noncommunity property state and thereafter brought into California. Neither party has cited any California law in respect of obligations incurred in a noncommunity property state. Respondent points out what is obvious, that the liability in these New York suits was single and that of the husband, when the suits were instituted and, under New York law, when that liability was discharged by payment. He argues, therefore, that the obligation remained the separate obligation of the husband after his removal with his wife to California, when California law would apply; and in support of his contention he ventures upon the doubtful argument, drawn from *Helvering* v. *Fitch*, 309 U. S. 149; and *Helvering* v. *Leonard*, 310 U. S. 80, that the law of

a state must be proved as a fact by the taxpayer at his peril in courts and administrative tribunals of the United States.

We think it unnecessary to examine this argument more carefully, for a more obvious answer lies in the very nature of deductions allowed in the Federal revenue acts. Had the California courts upheld the constitutionality of section 164 of the Civil Code, as amended, a question of more difficulty would have been presented; for where the law of the state of the new domicile has impressed hitherto separately acquired personalty of the husband with the interests of the marital community, it would not be unreasonable to assume in petitioner's favor that separate obligations of the husband would likewise become joint obligations of husband and wife. In such a posture of affairs the very nature of allowed deductions in the Federal revenue acts, which are correlative to interests owned, would, in justice, require their allowance here. See *Kleberg*, *supra*. But this is not the case. Property of the husband separately acquired in a noncommunity property state remains his property in California as if section 164 had not been amended, and we think that deductions for liabilities arising against him in a noncommunity property state should be treated in the same way and are allowable only to the husband, even though satisfied after the husband and wife have become domiciled in a community property state.

*Judgment will be entered for the respondent.*